Thomas B. Quinn, Esq.
Jennifer C. Forsyth, Esq.
Mary Byrne Fletcher, Esq.
GORDON & REES LLP
555 17th Street, Suite 3400
Denver, Colorado 80202
Phone: (303) 534-5160
Facsimile: (303) 534-5161
e-mail: tquinn@gordonrees.com
    jforsyth@gordonrees.com
    mfletcher@gordonrees.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SUSAN FEINMAN, appointed Personal Representative of the Estate of THERESA JO WITT, Deceased. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) |
| | ) |
| KINDRED HEALTHCARE, INC., KINDRED NURSING CENTERS WEST, LLC, KINDRED REHAB SERVICES, INC., d/b/a KINDRED NURSING AND REHABILITATION CENTER-SAGE VIEW, and d/b/a SAGE VIEW CARE CENTER; the BOARD OF DIRECTORS, KINDRED NURSING CENTERS WEST, LLC, the BOARD OF DIRECTORS, KINDRED HEALTHCARE SERVICES, INC., the BOARD OF DIRECTORS, KINDRED REHAB SERVICES, INC., the BOARD OF DIRECTORS, KINDRED NURSING AND REHABILITATION CENTER-SAGE VIEW, the BOARD OF DIRECTORS, SAGE VIEW CARE CENTER, and JOHN DOE MANAGEMENT COMPANY, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No.: 2:11-CV-00289-ABJ |
| Defendants. | )<br>) |

## DEFENDANTS' MOTION PURSUANT TO FED. R. EVID. 702
## TO EXCLUDE TESTIMONY OF LANCE YOULES
## THAT IS SPECULATIVE OR BEYOND HIS EXPERTISE

Defendants Kindred Healthcare, Inc., Kindred Rehab Services, Inc., and Kindred Nursing Centers West, LLC, ("defendants"), through counsel, Gordon & Rees LLP, move this Court for an order excluding the opinions of the plaintiff's expert witness Lance Youles that is speculative or beyond his scope of expertise.

## CONFERRAL

Pursuant to U.S.D.C.L.R. 7.1(b)(1)(A), undersigned counsel has made a good faith effort to confer with plaintiff's counsel regarding this motion. Undersigned counsel e-mailed plaintiff's counsel regarding the relief requested in this motion. The e-mail asked whether plaintiff's counsel would agree to limit Mr. Youles' testimony to areas that he is qualified to testify in and not speculate or offer opinions where he links his thoughts to opinions, giving examples of the testimony that the defendants seek to exclude. Plaintiff's counsel did not respond before the defendants filed this motion.

## SPECIFIC RELIEF REQUESTED

The defendants request an Order from the Court limiting the testimony at trial of plaintiff's specially retained expert Lance Youles. Mr. Youles' credentials purportedly qualify him to opine and testify on topics related to nursing home administration. However, Mr. Youles' credentials do not qualify him to opine or testify about the standard of care for nurses, therapists, or physicians, nor is Mr. Youles qualified to testify about medical causation issues or nursing issues, including negative care outcomes, fall prevention, pressure ulcers, malnutrition, contractures, pain, nursing quality or quantity based on health care outcomes, and weight loss. Finally, Mr. Youles cannot offer speculative testimony.

# INTRODUCTION

### A.   Case Background

Plaintiff Susan Feinman, the personal representative of the Estate of Theresa Jo Witt, has brought a survival action against the defendants arising out of Theresa Witt's residency at Sage View Care Center ("Sage View"), a nursing home located in Rock Springs, Wyoming. (First Am. Compl., introductory paragraph.) The plaintiff has asserted claims against the defendants for breach of contract, negligence, negligence per se, and respondeat superior. (*Id.*, ¶ 31.) The plaintiff claims that Ms. Witt suffered many injuries while she was a Sage View resident between January 20, 2007 and April 13, 2009, including pressure sores ranging from Stage II to Stage IV on multiple areas of her body, urinary tract infections, wound infections, bleeding from wounds, sepsis, anxiety, injuries from falls, malnourishment with failure to thrive, contractures, severe pain, and mental and emotional distress. (*Id.*, ¶ 29 a.)

The plaintiff endorsed Lance Youles to testify about a wide range of care issues. Mr. Youles is not a nurse or physician. Because Mr. Youles does not have a background in nursing or medicine, his testimony on these issues is inherently unreliable. In addition, Mr. Youles speculates by linking his "thoughts" to opinions. For example, he describes nurse testimony as "deflective" in support of his conclusion that the care that Ms. Witt received was negligent. Accordingly, Mr. Youles' testimony on these issues should be barred pursuant to Fed. R. Civ. P. 702.

### C.   Mr. Youles' Opinions That are the Subject of this Motion

Mr. Youles is not qualified to testify in the following areas.

*1.   Care Requirements*

Mr. Youles cannot express an opinion about care requirements while Ms. Witt resided at Sage View. Mr. Youles is not a nurse or a physician. Therefore, he cannot express the following opinions.

- Whether Sage View failed to prevent neglect, whether Ms. Witt's negative requirements were avoidable, whether Ms. Witt's conditions were related to multiple sclerosis, whether Ms. Witt was end-stage or qualified for hospice, and whether Sage View addressed Ms. Witt's pain symptoms. Ex. A, Lance Youles Expert Report, p. 21, ¶ 62A through C, F. Mr. Youles is not qualified to determine whether Ms. Witt received the appropriate level of care because he has no nursing and medical background to determine the level of care Ms. Witt received, as well as whether any allegedly negative outcomes show that she did not receive a skilled level of care or that this constituted a negative detention. *Id.*, p, 22, ¶ 62G.
- Ms. Witt's pressure ulcer prevention and care. *Id.*, pp 23-25, ¶ 63; p. 33, ¶ 70B.
- Contracture prevention and care. *Id.*, p. 25, ¶ 64; p. 33, ¶ 70C.
- Failure to prevent accident/falls. *Id.*, pp 26-27, ¶ 65; p. 33, ¶ 70 D.
- Opining about the cause of Ms. Witt's negative outcomes. *Id.*, p. 29, ¶ 68 B.
- Whether staff training and supervision was adequate based on care outcomes. *Id.*, p. 31, ¶ 68 I.
- Whether quality assurance activities were effective. *Id.*, p. 31, ¶ 68 J.
- Whether Ms. Witt was a victim of neglect *Id.*, pp 31, ¶ 68 K; 32-33, ¶ 70 A.

[4]

2. *Nursing Staff Documentation*

Mr. Youles is not qualified to testify about the nursing standard of care for documentation because he is not a nurse. *See e.g., id.*, pp 31-32, ¶ 69. At his deposition, Mr. Youles testified that he generally did not chart when he worked as a nursing home administrator and that if he did chart it would be in the social services section. Ex. B, Lance Youles deposition, p. 52:11-14. Mr. Youles added, "But I don't chart in the chart typically, no." *Id.*, p. 52:17. Therefore, he cannot testify about nurse charting.

3. *Nutritional Issues*

Mr. Youles does not have the qualifications to testify about the adequacy or inadequacy of nutritional and/or nursing care planning or the scope and quality of nursing charting or nutritional planning, including weight loss issues. Ex. A, p. 27, ¶ 66; p. 33, ¶ 70 E.

4. *Staffing*

Mr. Youles cannot express opinions regarding nursing quality or quantity based on health care outcomes, such as the indicator list he provides. *Id.*, p. 28, ¶ B, p. 28; p. 33, ¶ 70 F. In addition, he is not qualified to testify that chronic caregiver understaffing is the root cause of Ms. Witt's negative outcome, nor is Mr. Youles qualified to testify about specialized nursing care that Ms. Witt required, such as a specialized CNA assignment. *Id.*, pp 28-29, ¶ 67; Ex. C, Lance Youles Supplemental Expert Report, ¶¶ 9, 10.

Mr. Youles is not qualified to offer testimony about staffing issues because his testimony is speculative and unreliable. When he testified about the average staffing numbers in Wyoming nursing homes, Mr. Youles admitted that, "I still have to do some adjustments on this before I

[5]

can opine on some things." Ex. B, p. 49:24-25. Mr. Youles also admitted that without getting some data, "I made some assumptions on this raw data…" *Id.*, p. 74:23-24. Mr. Youles testified that his staffing analysis that compared Sage View's staffing to Wyoming averages "is not an empirical comparison in terms of where I can attest to the absolute accuracy." *Id.*, p. 81:6-8.

    5.    *Speculative Opinions*

Mr. Youles attempts to link his "thoughts" to his opinions, as shown by the following examples.

- Mr. Youles attempts to taint the defendants by speculating that any allegedly inaccurate MDS information "may constitute" billing fraud and that "Kindred Healthcare" did not earn its home office fees. Ex. A, pp 21, ¶ 62; 21, ¶ 62 C; 21, ¶ 68 F; 30.
- Mr. Youles tries to offer an opinion about "deflective" testimony and "defensive facility strategy for deflecting accountability." *Id.*, pp 22, ¶ 62 E; 24, ¶ 63 J.
- Mr. Youles describes the Falling Star Program as "passive." *Id.*, p. 27, ¶ 65 I.
- Mr. Youles states that excessive executive turnover "usually" results from an ineffective and/or absentee governing body. *Id.*, p. 30, ¶ 68 C.

Mr. Youles also speculates about corporate structure issues. He testified that he is not a lawyer and, "So, I don't get into the separations necessarily of corporations." Ex. B, p. 23:1-2. Therefore, he is not qualified to testify about any issues relating to corporate structure, including Kindred Healthcare, Inc.'s functions and whether this entity controlled Sage View, or was involved in or controlled in any way the care that was delivered to Theresa Witt.

[6]

## ARGUMENT

### A.  Standard of Review

"To determine whether an expert opinion is admissible, the district court performs a two-step analysis. First, the court must determine whether the expert is qualified by 'knowledge, skill, experience, training or education' to render an opinion. *See* Fed. R. Evid 702. Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable…" *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 895, 990 (10th Cir. 2006); *see also* Ex. D, *Wagoner v. Schlumberger Tech. Corp.*, No. 07-CV-244-J, 2008 U.S. Dist. LEXIS 118764, at *4-5 (D. Wyo. June 20, 2008) (employing two-part test set forth by Fed. R. Evid. 702 and *Daubert*). Whether an expert's opinion is reliable is determined under the principles set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-594 (1993). "Expert testimony is 'reliable' under Rule 702 and *Daubert* if it 'implies a grounding in the methods and procedures of science [or the applicable discipline] based on actual knowledge, not subjective belief or unsupported speculation.'" Ex. E, *Randall v. Smith's Food & Drug Ctrs., Inc.*, No. 05-CV-139-J, 2006 U.S. Dist. LEXIS 97168, at *3 (D. Wyo. Mar. 23, 2006) (citation and internal quotations omitted). "The mere credentials, beliefs, or unsupported conclusions of experts, standing alone, do not meet the strictures of Rule 702." *Id.* at *2 (citing *Daubert*, 509 U.S. at 590).

The trial court serves as a gatekeeper to ensure that the expert's testimony both rests on a reliable foundation and is relevant. *Daubert*, 509 U.S. at 597. The proponent of the expert testimony has the burden to establish its admissibility by a preponderance of proof. *Id.* at 592

[7]

n.10; *see also Wagoner*, 2008 U.S. Dist. LEXIS 118764 at *6 ("[T]he proponent of expert testimony bears the burden of showing a grounding in the methods and procedures of science which must be based on actual knowledge and not subjective belief or unaccepted speculation."). The gatekeeping principles enunciated in *Daubert* apply not only to scientific knowledge, but to all expert testimony based on technical and other specialized knowledge. *Kumho Tire Co., Inc. v. Carmichael*, 526 U.S. 137, 149 (1999); *Randall*, 2006 U.S. Dist. LEXIS 97168 at *3 ("It is the responsibility of the district court to determine the reliability of any expert witness, 'scientific' or not."). Therefore, Mr. Youles' qualifications must be examined under the principles of Fed. R. Evid. 702.

### B.    As a Nursing Home Administrator, Mr. Youles is Not Qualified to Opine on Medical and Nursing Issues

Mr. Youles does not meet the first prong of analysis under Fed. R. Evid. 702 because he does not have the training or education to offer an opinion on medical and nursing issues. "Rule 702 allows expert testimony only where the witness is qualified as an expert by knowledge, skill, experience, training or education to offer such opinions." *LifeWise Mater Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004); *Poche v. Joubran*, 389 Fed. Appx. 768, 771 (10th Cir. 2010) (citing *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001). It is proper for a court to exclude expert testimony when the expert is not qualified and opines on matters outside of his or her area of expertise. *Ralston*, 275 F.3d at 969; *Warren v. Tastove*, 240 Fed. Appx. 771, 772-7774 (10th Cir. 2007) (holding that where an expert seeks to offer opinions about matters outside the expert's purported qualifications, exclusion of such testimony is

proper); *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1244 (10th Cir. 2000) (finding testimony limited to matters within expert's field of expertise proper).

Mr. Youles does not have a medical, nursing, or dietary background. He testified that he is not a licensed physician, licensed nurse, licensed certified nursing assistant, registered dietician, therapist, or social worker. Ex. B, pp 8:13-25; 9:1-4. The only license that Mr. Youles holds that relates to his work in the long term care facility is a current nursing home administrator licenses in Michigan. *Id.*, p. 12:18-22. Mr. Youles was licensed as a nursing home administrator in Arizona for three to five years. *Id.*, p. 12:22-23. In order to be a nursing home administrator, there is no requirement to be licensed as a physician, nurse, or certified nurse aide. Id., 13:10-17. Mr. Youles agrees that he cannot prescribe medical treatments or express medical opinions. *Id.*, p. 42:13-14; 44:7-10.

The Wyoming legislature has not authorized a nursing home administrator or someone who is not a licensed nurse or licensed physician to offer an opinion about nursing and medical issues. Under the Wyoming Medical Practice Act, only licensed physicians may engage in the practice of medicine. Wyo. Stat. Ann. § 33-26-101, *et seq.* "Practicing medicine" includes someone who "[o]ffers or undertakes to prevent, diagnose, correct or treat, in any manner, by any means, method or device, any human disease, illness, pain, wound, fracture, infirmity, defect or abnormal physical or mental condition, injury, deformity or ailment, including the management of pregnancy and parturition" and "[r]enders a determination of medical necessity or appropriateness of proposed treatment." Wyo. Stat. Ann. § 33-26-102(a)(xi). The Wyoming Nurse Practice Act requires nurses to complete certain nursing education requirements in order

to practice nursing and does not permit a licensed nursing home administrator, such as Mr. Youles, to practice nursing. Wyo. Stat. Ann. § 33-21-127.

Neither Wyoming, the state law applicable to this case, nor Michigan, where Mr. Youles holds a nursing home administrator license, permits nursing home administrators to make medical or nursing diagnoses or practice nursing or medicine. Wyo. Stat. Ann. § 33-22-101 *et seq.*; Mich. Stat. Ann. § 333.17301(c). In Michigan, the practice of a nursing home administrator means planning, organizing, directing, and controlling the total operation of the nursing home on behalf of the governing board or owner of a nursing home. Mich. Stat. Ann. § 333.17301(c). Similarly, in Wyoming, a nursing home administrator is in charge of the operation, management, and supervision of a nursing home. Wyo. Stat. Ann. 33-22-101(a)(ii). Neither state permits a nursing home administrator to provide nursing or medical diagnoses or care. Offering an opinion about nursing or medical diagnoses or care because the testimony is tantamount to rendering medical or nursing diagnoses. *See Wright v. Mariner Health Care Inc. et. al.*, 2008 U.S. Dist. LEXIS 109673, *4 (S.D. Miss. 2008) (nurses are not qualified to give an opinion about the proximate cause of medical conditions or disease processes under Fed. R. Evid. 702 because the testimony is tantamount to rendering medical diagnoses).

Mr. Youles is not qualified to offer testimony about the hands on care that nurses provide in a nursing home because that care is not within his scope of practice as a nursing home administrator. This Court addressed a similar issue in *Wagoner v. Schlumberger Tech. Corp.*, No. 07-CV-244-J, 2008 U.S. Dist. LEXIS 109634 (D. Wyo. June 19, 2008). In *Wagoner*, the Court precluded the plaintiff's experts who were not medical doctors to testify regarding the

medical condition or diagnosis of the plaintiff. *Id.*, 2008 U.S. Dist. LEXIS 109634 at *3. This Court found that because the experts were not medical doctors, they were not qualified to opine regarding the medical injury sustained by the plaintiff. *Id.* at *3-4. The Court noted that the experts did not have medical training and did not treat or examine the plaintiff. *Id.* at *4. Accordingly, the Court precluded the testimony "insofar as [the experts may] attempt to provide testimony regarding the nature and causation of plaintiff's injuries . . . ." *Id.*; *see also Randall*, 2006 U.S. Dist. LEXIS 97168, *6 ("Of course, the Court will utilize limiting instructions and carefully consider objections of counsel should [the expert's] opinion venture into areas where he holds no experience, expertise, knowledge and hence no reliability under Rule 702.").

In *Husby v. South Alabama Nursing Home, Inc.*, the Alabama Supreme Court ruled that a nursing home administrator was not qualified to offer standard of care evidence in affirming the trial court's decision to grant summary judgment in favor of the nursing home. *Husby v. South Alabama Nursing Home, Inc.*, 712 So.2d 750, 751 (Ala. 1998). The plaintiff offered a nursing home administrator and an anesthesiologist as standard of care experts. *Id.* at 752. The defendant nursing home moved for summary judgment arguing that the experts were not "similarly situated health care providers" qualified to testify "as to the standard of care applicable to securing a patient to the bed to prevent a fall." *Id.* The trial court agreed and entered summary judgment in the nursing home's favor, reasoning "that neither of the plaintiff's experts was a nurse qualified to give testimony regarding the standard of care of 'hands on' health care providers in a long-term care facility." *Id.* On appeal, the Alabama Supreme Court upheld the trial court's decision. The court held that, because neither of the plaintiff's experts were "trained and experienced in the

[11]

same discipline or school of practice" as the defendant nursing home's staff, they were not "similarly situated health care providers." *Id.* at 753. The Court observed, "to establish a breach of the standard of care applicable to this case, the plaintiff should have offered the testimony of a nurse trained in the daily care of patients." *Id.* Because Mr. Youles is not trained in the daily care of patients, he should not be permitted to offer a standard of care opinion regarding the nursing care that Ms. Witt received at Sage View.

The Tenth Circuit has recognized that special qualifications are necessary before an expert witness can testify about medical diagnoses. In *Gates v. United States*, the Tenth Circuit held that an expert who had a doctorate in clinical immunology but was not a physician was not qualified to give an opinion regarding the relation between the plaintiff's swine flu vaccination and his later development of Guillain-Barre Syndrome because medical diagnosis was outside his field of expertise. *Gates v. United States*, 707 F.2d 1141, 1144-1145 (10th Cir. 1983).

A nursing home administrator is not only unqualified to testify regarding medical and nursing diagnosis and treatment, but is also prohibited from doing so as well. Therefore, a licensed nursing home administrator is not qualified by knowledge, skill, experience, training, or education to render an opinion about medical or nursing issues. Allowing Mr. Youles to give an opinion about the cause of medical conditions, appropriate medical and nursing treatment, or disease processes is the equivalent of testifying about medical and nursing diagnoses and is inappropriate under Fed. R. Evid. 702. Accordingly, Mr. Youles should not be permitted to offer testimony about care requirements, nurse documentation issues, staffing issues, and nutritional issues.

## C. An Expert is Not Permitted to Speculate

The Court should strike Mr. Youles' testimony that amounts to speculation. In the Tenth Circuit, "[i]t is axiomatic that an expert, no matter how good his credentials, is not permitted to speculate." *Goebel v. Denver & Rio Grande Western R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2000). Mr. Youles attempts to link many of this "thoughts" to opinions, many of which are speculative. He should not be allowed to present these speculative opinions as evidence at trial. Therefore, the Court should exclude Mr. Youles' speculative opinions.

## CONCLUSION

Nursing home administrators do not have experience with hands on health care and cannot make medical or nursing diagnoses. Therefore, Mr. Youles, who does not have medical, nursing, or dietary education or training, is not qualified to testify about the standard of care for health care providers such as physicians, nurses, and dieticians. Moreover, Mr. Youles is not permitted to speculate. Accordingly, this Court should limit Mr. Youles' testimony to the testimony he is qualified to offer based on his education and training, and exclude all testimony he is not qualified to offer, as well as exclude all testimony based on speculation.

Respectfully submitted this 13th day of September 2013.

*s/Jennifer C. Forsyth*
_____
Thomas B. Quinn
Jennifer C. Forsyth
Mary Byrne Fletcher
GORDON & REES LLP
555 Seventeenth Street, Suite 3400
Denver, CO 80202

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2013, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Diana Rhodes, Esq.
Rhodes Law Firm, LLC
2015 Warren Avenue
Cheyenne, WY 82001
diana@drhodeslaw.com
307.634.4444

Jack Harang, Esq.
Law Offices of Jack W. Harang, APLC
228 St. Charles Avenue, Suite 501
New Orleans, LA 70130
jwharang@gmail.com

/s/*Fran Aragon-Eaves*
for Gordon & Rees LLP

1069864/16737487v.1