# United States District Court

For The District of Wyoming

SUSAN FEINMAN,

Plaintiff,

vs.

KINDRED HEALTHCARE SERVICES INC. et al.,

Defendants.

Civil No. 11-CV-289-J

**ORDER DENYING DEFENDANTS' MOTION PURSUANT TO FED. R. EVID. 702 TO EXCLUDE TESTIMONY OF LANCE YOULES THAT IS SPECULATIVE OR BEYOND HIS EXPERTISE[ Doc. 105] and DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXPERT TONI DECKLEVER, R.N. [Doc. 110]**

This matter is before the Court on Defendants' Motion Pursuant to FED. R. EVID. 702 to Exclude Testimony of Lance Youles that is Speculative or Beyond His Expertise, and Plaintiff's Motion to Strike Defendants' Expert Toni Decklever, R.N., and the Court having carefully considered the Motions and Responses thereto, and being fully advised in the premises, FINDS:

This case originally comes before the Court on a Complaint filed in August of 2011 by Susan Feinman, Esq., as the appointed personal representative of the Estate of Theresa Jo Witt.

**DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF LANCE YOULES**

In the instant Motion, Defendants request the trial testimony of Plaintiff's retained expert Lance Youles be limited. Specifically, Defendants argue Mr. Youles lacks the

credentials necessary to allow him to testify about the standard of care for nurses, therapists, or physicians, and that Mr. Youles is not qualified to testify about medical causation. Defendants argue Mr. Youles' education and experience as a nursing home administrator does not qualify him to testify as to medical and nursing issues, since holding a nursing home administrator license does not allow a nursing home administrator to make medical or nursing diagnoses or to practice nursing or medicine.  Defendants also request the Court strike Mr. Youles' testimony as it amounts to mere speculation when he attempts to link many of his thoughts to opinions as possible evidence at trial.

Plaintiff generally opposes Defendants' Motion and requests that it be denied. Plaintiff argues Mr. Youles is not attempting to testify as a health care provider, but rather providing opinions on the standard of care at Sage View Care Center as an expert nursing home administrator.  Plaintiff argues Mr. Youles' credentials allow him to testify as to the appropriate standards of care throughout all departments in a nursing home.  Plaintiff then argues Mr. Youles is amply qualified to provide opinions concerning Mrs. Witt's care since part of a nursing home administrator's responsibilities include all aspects of patient care. Plaintiff further argues a nursing home administrator's duty extends to the direct hiring, firing, and training of employees and as such, Mr. Youles is more than qualified to express his opinions regarding the staffing at Sage View Care Center.

In a reply to Plaintiff's Response, Defendants argue Mr. Youles is not qualified to offer opinions as to medical or nursing standards of care.  Specifically, Defendants argue Mr. Youles expertise as a nursing home administrator is insufficient since nursing home medical directors are responsible for the implementation of resident care policies and the coordination of medical care.  Defendants also argue Mr. Youles is not allowed to offer speculative

opinions regarding staffing, billing fraud, testimony of Sage View staff, nursing prevention programs, and staff turnover.

**PLAINTIFF'S MOTION TO STRIKE TONI DECKLEVER**

In this Motion Plaintiff requests the Court strike the testimony of Toni Decklever, R.N.. Defendants retained Ms. Decklever to testify concerning the challenges of recruiting nurses and certified nursing assistants in Wyoming, and testify regarding the efforts Sage View Care Center made in staffing the facility. Plaintiff argues Ms. Decklever is not qualified to render such opinions since she has not worked directly in the nursing home industry in over twenty years, and lacks the current knowledge surrounding nursing homes and staffing standards. Plaintiff also argue Ms. Decklever's opinions are not reliable as she fails to state in her report what she reviewed or relied upon in supporting her opinions, rendering her opinions based on nothing more than a subjective belief and unsupported speculation. Finally, Plaintiff argues Ms. Decklever's opinions concerning staffing challenges in Wyoming are not relevant and will not assist the trier of fact.

Defendants generally oppose Plaintiff's Motion and request that it be denied. Defendants argue Ms. Decklever is amply qualified to provide testimony in the case at hand. Defendants point out Ms. Decklever has a broad range of nursing experience, including working in nursing homes. Defendants next argue Ms. Decklever's opinions are reliable, relevant, and helpful to the trier of fact. Defendants further argue Ms. Decklever's expert designation makes clear the records she relied upon in forming her opinions, and that Plaintiff had the opportunity to inquire as to her opinions at her deposition. Finally, Defendants argue Ms. Decklever's testimony is helpful to the trier of fact to explain the

challenges of nurse recruitment and whether Sage View was properly addressing those challenges.

In reply to Defendants' response, Plaintiff argues Ms. Decklever is not qualified to render opinions concerning nursing home staffing. Plaintiff argues the mere fact Ms. Decklever is a lobbyist, who helps train and educate CNAs does not provide her with the expertise necessary to offer testimony concerning Plaintiff's claim of inadequate staffing. Further, Plaintiff argues Ms. Decklever's opinions are not reliable as she offers no evidence, facts, or data to support her conclusions. Finally, Plaintiff argues Ms. Decklever's testimony is not relevant and will not assist the trier of fact. Specifically, Plaintiff argues Ms. Decklever's proposed testimony focuses on the staffing challenges facing Wyoming nursing homes, and does not address the issue at hand of whether or not Sage View Care Center was adequately staffed.

**RULING OF THE COURT**

The Court begins by noting both Defendants' Motion to Exclude Testimony of Lance Youles and Plaintiffs' Response to the Motion, exceed the page limit permitted by the local rules. Local Rules 7.1 provides that "[b]riefs in support of and in opposition to all non-dispositive motions are limited to a maximum of ten (10) pages." U.S.D.C.L.R. 7.1(b)(C). The local rules further state "permission to file briefs containing more than ten (10) pages will be granted only when complex or numerous legal issues justify such relief." *Id.* The Court finds neither Defendants' Motion nor Plaintiff's Response contain any complex or voluminous legal issues which would justify the need to exceed the ten (10) page limit. Rather, Defendants' Motion and Plaintiff's Response exceed page limits without good cause, and more importantly, without permission to do so.

Turning to the subject matter of the instant Motions, district courts have broad discretion in determining the admissibility of expert testimony. *Taylor v. Copper Tire and Rubber Co.*, 130 F.3d 1395, 1397 (10th Cir. 1997) (other citations omitted). With respect to the Motions both Lance Youles' and Toni Decklever's opinions are subject to the same standards of reliability that govern the opinions of strictly scientific experts retained for the purposes of litigation. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151 (1999) (holding that *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) applies even when an expert's opinion relies on skill or experience-based observation). Under Rule 702 and *Daubert*, the Court is to ensure any and all expert testimony or evidence admitted is not only relevant, but reliable. Rule 702 of the Federal Rules of Evidence states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702 imposes upon courts the obligation to act as gatekeepers, by ensuring all expert testimony, whether scientific, technical, or any other specialized knowledge, is both reliable and relevant. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Courts engage in a two part analysis to determine the admissibility of expert opinions. First, the court must determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion. Second, the court must determine whether the expert's opinions are sufficiently reliable. *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001);

FED. R. EVID. 702 ; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

**QUALIFICATIONS**

In order to testify as an expert witness, expertise may be based on "knowledge, skill, experience, training, or education." FED. R. EVID. 702. It is not paramount that witnesses satisfy all of these qualifications to testify as an expert rather, a witness is qualified to testify as an expert so long as the witness' overall qualifications provide expertise relevant to the opinions offered. *U.S. v. Crabbe*, 556 F.Supp.2d 1217, 1221 (D. Colo. 2008) (*citing United States v. Dysart*, 705 F.2d 1247, 1252 (10th Cir. 1983) and FED. R. EVID. 702 (Advisory Committee Notes, 2000 Amendments). As a result, Rule 702 is to be liberally construed in that the Rule "does not impose an 'overly rigorous' requirement of expertise, recognizing that specialized knowledge may be acquired through a broad range of experience, skills or training." *Squires ex rel. Squires v. Goodwin*, 829 F.Supp.2d 1041, 1048 (D. Colo. 2011) (*citing United States v. Velasquez*, 64 F.3d 844, 849 (3rd Cir. 1995)).

QUALIFICATIONS OF LANCE YOULES

The Court has reviewed Mr. Youles' education, background, and training and finds he is qualified to testify as proposed in his designation. Ms. Youles has been designated to testify as an expert in the eldercare industry, specifically as a nursing home administrator. Mr. Youles has extensive training and education, including years of service in the eldercare industry. Mr. Youles' education, training, and experience are sufficient to allow him to testify as expert to his conclusions contained in his report. While Defendants argue much of Mr. Youles' proposed testimony would require an expert with a medical background, it appears Mr. Youles' education and experience as a nursing home administrator provide him

with a sufficient background to offer testimony as to the nursing home industry. However, should Mr. Youles attempt to provide any testimony beyond his expertise and abilities at trial, the trial court will be in a better position to make such a finding and to take appropriate action at that time.

QUALIFICATIONS OF TONI DECKLEVER, R.N.

The underlying claims in this action surround the alleged negligent management, supervision, training, and care provided to Theresa Witt. Ms. Decklever has been designated to testify about the challenges facing Wyoming nurses, and will opine about the staffing efforts made by Sage View Care Center. Ms. Decklever's background includes bachelors and masters degrees, along with numerous jobs and duties in the nursing industry. Her experience includes working in and around nursing homes, nurse recruitment in Wyoming, providing consultation services for the Wyoming State Board of Nursing, as well as a variety of other nursing based duties and activities. The Court finds Ms. Decklever's education, training, and experience are likewise sufficient to allow her to testify concerning nursing issues as proposed in her designation. Again, should Ms. Decklever attempt to provide any inappropriate testimony by overstepping the bounds of her expertise at trial, the trial court will be in a better position to make such a finding and to take appropriate action at that time.

**RELIABILITY**

With regards to concerns surrounding methodology and procedures under *Daubert*, a court is to find an expert opinion reliable under Rule 702 if the opinion is based on "good grounds." *In re Paoli R.R. Yard PCB Litigation,* 35 F.3d 717 (3d Cir. 1994). Meaning that if the opinions are based on methods and procedures of science, they can be admissible regardless of whether the court thinks the opinions are correct. *Id*. The court's focus "must

be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 744 (citing *Daubert*, 509 U.S. at 595).

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Wyoming regarding expert witness designations, opposing parties are entitled to a detailed disclosure of the information that adversarial experts are relying upon in formulating their expert opinions. *See* FED. R. CIV. P. 26(a)(2); U.S.D.C.L.R. 26.1(g); *Smith v. Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980). Rule 26.1(g)(4) of the Local Rules of the United States District Court for the District of Wyoming, which uses identical language and complements Rule 26 of the Federal Rules of Civil Procedure, requires an expert witness designation include, "a comprehensive statement of *each* of the opinions of such witness and the factual basis for *each* opinion."

RELIABILITY OF LANCE YOULES AND TONI DECKLEVER

Both the designation of Mr. Youles and Ms. Decklever adequately set forth their opinions and the corresponding basis of each opinion by detailing the information and factors relied upon. While a party may not agree with the methods applied and information relied upon by the expert, they are not subject to being stricken since the methods employed are sound. The principles employed by Mr. Youles in formulating his opinions are grounded on his experience in the eldercare industry and specifically his work as a nursing home administrator, and as such are sufficiently reliable. Mr. Youles is not attempting to, nor should he be allowed to offer testify as a medical expert. Rather, Mr. Youles is designated to testify from the administrative standpoint by utilizing his years of training and experience in the eldercare industry.

Ms. Decklever's designation also sets forth her proposed testimony, and the corresponding basis for the testimony. The designation details her education, and years of experience working in the nursing industry, in particular the Wyoming nursing industry, as the basis of her testimony. As a result, Ms. Decklever's testimony is based on good grounds. The Court finds both Mr. Youles and Ms. Decklever provide a sufficient basis for their opinions as they are based in enumerated facts, which sufficiently satisfy Rule 702's reliability requirement. Therefore, the Court finds Mr. Youles and Ms. Decklever sufficiently set forth their opinions and corresponding basis for those opinions satisfying Rule 702s reliability requirement.

**RELEVANCE OF EXPERT TESTIMONY**

In addition, Rule 702 requires the evidence or testimony presented assist "the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. Rule 702s "helpfulness" standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility. *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993). In order to meet the requisite connection, expert opinions must provide the underlying facts and basis of the expert's opinions. "Opinions are valueless as evidence without exploration of the underlying facts and rationale showing the path from the facts to the opinion." *United States v. R. J. Reynolds Tobacco Co.*, 416 F. Supp. 316, 325 (D. N.J. 1976).

RELEVANCE OF THE PROPOSED TESTIMONY

As stated above, both Mr. Youles' and Ms. Decklever's designations contain a comprehensive statement of each of their opinions and the factual basis for each opinion. Mr. Youles' experience and knowledge as a nursing home administrator may be beneficial to

the trier of fact since Mr. Youles reviewed relevant information, and then utilized the information to formulate his opinions. Ms. Decklever's testimony may also be helpful to the trier of fact as she has performed a variety of duties and been a part of Wyoming's nursing industry for a great number of years. Mr. Youles' and Ms. Decklever's testimony may also be beneficial as a typical juror may not possess the knowledge or background necessary to understand the claims at the heart of this case. The jury will listen to both Plaintiff's and Defendants' witnesses and make their own determination as to credibility and reliability of the witnesses and how much weight to attribute to each witness. As a result, the Court finds Mr. Youles' and Ms. Decklever's testimony may be helpful to the trier of fact.

**CONCLUSION**

The intent and policy behind the federal and local rules regarding expert witness designations is to take the guesswork out of expert testimony for all parties involved in litigation. Without an adequate designation, opposing parties are unable to prepare for cross-examination, and experts are unable to adequately analyze the opinions and credibility of other experts. There is a compelling need to properly designate expert witnesses. Parties are entitled to a timely and detailed description of what the witnesses relied upon in forming each particular opinion so the opposing party may adequately prepare discovery for the deposition and cross-examination of the witness at trial. *Smith v. Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980). Here, both Mr. Youles' and Ms. Decklever's designations provide a detailed report regarding their opinions and, more importantly, the basis for those opinions. As a result, the parties' concerns go to the weight of the evidence, not its admissibility. *U.S. v. Cavely*, 318 F.3d 987 (10th Cir. 2003) (stating where an expert utilized estimates based on certain assumptions, these questions went to the weight of the evidence

and not its admissibility). The issues raised in the two Motions are best addressed through vigorous cross examination, rebuttal expert testimony, and presentation of contrary evidence. Whereby the trier of fact will determine what weight, if any, should be attributed to expert opinions. Once expert testimony has been deemed reliable, "it is up to the jury to decide whether the expert used the best or most reliable methodology, what weight to accord to his testimony and which of competing experts' opinions should be credited." *Cook v. Rockwell Intern. Corp.*, 580 F.Supp.2d 1071, 1085 (D. Colo. 2006). Based on the preceding, the Court will not strike the testimony of either Mr. Youles or Ms. Decklever, leaving any rulings on individual objections to the sound discretion of the District Court at trial.

NOW, THEREFORE, IT IS ORDERED that Defendant's Motion Pursuant to FED. R. EVID. 702 to Exclude Testimony of Lance Youles that is Speculative or Beyond His Expertise be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendants' Expert Toni Decklever, R.N. be, and the same hereby is, DENIED.

Dated this 25th day of October, 2013.

Kelly H. Rankin
U.S. Magistrate Judge