IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SUSAN FEINMAN, appointed Personal Representative of the Estate of THERESA JO WITT, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>KINDRED HEALTHCARE, INC; KINDRED NURSING CENTERS WEST, LLC, d/b/a SAGE VIEW CARE CENTER; KINDRED REHAB SERVICES, INC.; the BOARD OF DIRECTORS, KINDRED NURSING CENTERS WEST, LLC; the BOARD OF DIRECTORS, KINDRED HEALTHCARE, INC.; the BOARD OF DIRECTORS KINDRED REHAB SERVICES, INC; the BOARD OF DIRECTORS, SAGE VIEW CARE CENTER; and JOHN DOE MANAGEMENT COMPANY,<br><br>Defendants. | Case No. 2:11–CV–00289–ABJ |

**OPINION AND ORDER DENYING DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS**

This is a survival action for personal injuries that were allegedly inflicted upon the estate's decedent during her stay at Defendants' nursing home. Over two years after the Amended Complaint was filed, Defendants have submitted two motions for judgment on the

pleadings: one as to Plaintiff's negligence per se cause of action and one as to Plaintiff's request for punitive damages. The Court DENIES both motions for the reason set forth below.

## BACKGROUND

On January 20, 2007, Theresa Jo Witt became a resident of Defendants' Sage View Care Center nursing home in Rock Springs, Wyo. She continued to reside there until April 13, 2009, at which time she was moved to a hospice facility in Riverton. Plaintiff alleges that, during Ms. Witt's stay in Sage View, her quality of care was so poor that she developed multiple decubitus ulcers, urinary tract infections, contractures, mental and emotional distress, was malnourished, was injured from multiple falls, and suffered from severe pain. Defendants have submitted two motions for judgment on the pleadings that are the subject of this order. The first is to dismiss the Plaintiff's negligence per se claim [ECF No. 104], and the second is to dismiss the Plaintiff's request for punitive damages [ECF No. 106].

## STANDARD OF REVIEW

When reviewing a motion for judgment on the pleadings, the Court applies the standard of review applicable to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009). In *Ashcroft v. Iqbal*, the Supreme Court articulated a two-step approach for district courts to use when considering a motion to dismiss. *See* 556 U.S. 662, 679 (2009). First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* *Iqbal* clarified that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility lies somewhere between possibility and probability; a complaint must establish more than a mere possibility that the defendant acted unlawfully but the complaint does not need to establish that the defendant probably acted unlawfully. *See id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

### I. Plaintiff's Negligence Per Se Claim

The Third Cause of Action of Plaintiff's First Amended Complaint claims that Defendants violated at least twenty-four U.S. Department of Health and Human Services regulations falling within 42 C.F.R. Part 483 and one Wyoming Department of Health Aging Division regulation: Chapter 11, Section 11(a). Plaintiff alleges that the violation of these regulations constitutes negligence per se as to the estate's decedent, Theresa Witt. Defendants filed a Motion for Judgment on the Pleadings to Dismiss Plaintiff's Negligence Per Se Claim arguing that Plaintiff could not circumvent the lack of a private right of action under those regulations by bringing a negligence per se claim. Plaintiff argues that her negligence per se claim is valid under the Wyoming Supreme Court's analysis derived from the Restatement (Second) of Torts.

Defendants' argument that the lack of a private right of action bans the application of government regulations in a negligence per se action is misplaced. The proper analysis was laid out in the Wyoming Supreme Court's seminal case of *Distad v. Cubin*, 633 P.2d 167 (Wyo. 1981), and its progeny. In *Distad*, the Court set forth the standard for determining when the violation of a statute or regulation constitutes negligence per se. This Court has previously found the subsequent case of *Dubray v. Howshar* to be particularly helpful in its analysis:

> In *Distad v. Cubin*, 633 P.2d 167 (Wyo. 1981), this court adopted §§ 286 through 288C of the Restatement, Second, Torts, as guidelines for addressing negligence claims premised on duties created by statutes, regulations or ordinances. *Id.* at 175; *see also Short v. Spring Creek Ranch, Inc.*, 731 P.2d 1195, 1198–99 (Wyo. 1987) and *Dubus v. Dresser Industries*, 649 P.2d 198, 202 (Wyo. 1982). Section 286 provides:
>
>> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
>>
>> (a) to protect a class of persons which includes the one whose interest is invaded, and
>>
>> (b) to protect the particular interest which is invaded, and
>>
>> (c) to protect that interest against the kind of harm which has resulted, and
>>
>> (d) to protect that interest against the particular hazard from which the harm results.
>
> In other words, a statute, regulation or ordinance may be adopted as the standard of care only if "the injured party belongs to the class of persons that the statute was intended to protect, and the injury is of the type that the statute was intended to prevent." *Sagebrush Ltd. v. Carson City*, 660 P.2d 1013, 1015 (1983).
>
> Based on these "directions," we must determine whether the four criteria of § 286 are met "because, if . . . not, then the statute imposes no duty of care for the breach of which he will be heard to successfully complain." *Dubus*, 649 P.2d at 202; *and see Short*, 731 P.2d at 1198–99. "[E]ven if the court finds that the [four] criteria of § 286 are met, [the court] is not required to adopt [W.S. 12-4-601] as the standard of conduct because of the permissive language of the Restatement 2d." *Short*, 731 P.2d at 1199 (citing *Distad*, 633 P.2d 167).

4

*Glover v. TransCor America, Inc.*, 57 F.Supp.2d 1240, 1248 (D. Wyo. 1999) (citing *Dubray v. Howshar*, 884 P.2d 23, 27–28 (Wyo. 1994)) (internal citations partially omitted).

In the instant case, Plaintiff's cite twenty-four federal regulations and one state regulation that Defendants' have allegedly violated. As Defendants have not identified individual regulations that may be problematic under the Restatement analysis, the Court will analyze them globally.

First, did Ms. Witt belong to the class of persons that the regulations were intended to protect? Based on the regulations cited in Plaintiff's Amended Complaint, the regulations at issue were meant to protect nursing home residents. Plaintiff's decedent was a resident of Defendants' nursing home. As such, she belonged to the class of persons which these regulations were designed to protect. *McLain v. Mariner Health Care, Inc.*, 279 Ga.App. 410, 413 (2006); *McCain v. Beverly Health and Rehabilitation Services*, 2002 WL 1565526, 1 (E.D.Pa. 2002).

Second, were Ms. Witt's alleged injuries of the type the regulation was intended to prevent? Accepting Plaintiff's allegations as true, Ms. Witt suffered from multiple injuries which the federal and state regulations were meant to prevent. *McLain* at 413; *McCain* at 1. For example, Ms. Witt allegedly suffered from ten urinary tract infections during her stay at Defendants' facility; 42 C.F.R. § 483.25(d)(2) required Defendants' to deliver "appropriate treatment and services to prevent urinary tract infections and to restore as much normal bladder function as possible." Ms. Witt also allegedly suffered from thirteen falls even though 42 C.F.R. § 483.25(h)(2) requires that "[e]ach resident receive adequate supervision and assistance devices to prevent accidents."

Applying *Distad* and the Restatement (Second) of Torts § 286, the Court finds that the purpose of the regulations at issue was to protect nursing home residents such as Ms. Witt from the kinds of injuries which she suffered. Thus, the Court may adopt those regulations as the Defendants' standard of care. Therefore, the Court DENIES Defendants' Motion for Judgment on the Pleadings to dismiss Plaintiff's Negligence Per Se claim. The Court does note, however, that "[r]equiring the finder of fact to parse through voluminous regulations to determine the standard of care in [a] negligence action against a nursing home may not be the most direct approach toward the establishment of a nursing home's negligence." *Estate of French v. Stratford House*, 333 S.W.3d 546, 563 (Tenn. 2011).

## II. Plaintiff's Punitive Damages Claim

In Plaintiff's prayer for relief, Plaintiff seeks "exemplary damages for Defendants' said misconduct and to dissuade them and others similarly situated from engaging in similar misconduct in the future." First Amended Complaint at 30. Defendants have moved for judgment on the pleadings to dismiss Plaintiff's request for punitive damages. Defendants argue that Plaintiff has not alleged sufficient facts to support a punitive damages award. Plaintiff argues that her Complaint does allege sufficient facts to give rise to a plausible claim for punitive damages.

A claim for punitive damages is an element of a cause of action, not a separate cause of action itself. *Errington v. Zolessi*, 9 P.3d 966, 969 (Wyo. 2000). In Wyoming, punitive damage awards are appropriate "only in circumstances involving outrageous conduct, such as intentional torts, torts involving malice, and torts involving willful and wanton misconduct. *Cramer v. Powder River Coal, LLC*, 204 P.3d 974, 979 (Wyo. 2009). "Willful and wanton misconduct is the intentional doing, or failing to do, an act in reckless disregard of the consequences and under

circumstances and conditions that a reasonable person would know that such conduct would, in a high degree of probability, result in harm to another." *Id.*

First, Plaintiff has alleged that Defendants' breached the duties they owed to Plaintiff's decedent "with knowledge and forethought and purpose . . ." First Amended Complaint at ¶¶ 58, 90. Plaintiff also alleged that Defendants' misconduct was "part of a pattern of wrongdoing" and a "continuing pattern of conduct." *Id.* at ¶¶ 63, 29. Furthermore, Plaintiff alleged that Defendants "knowingly and willfully documented material and false statements" in Ms. Witt's medical records. *Id.* at ¶ 84. These allegations taken independently may not be enough to make a plausible claim for punitive damages, but the Court is allowed to draw reasonable inferences from properly alleged facts.

Ms. Witt's alleged injuries were not the result of a single, allegedly negligent act. Instead, the allegations as a whole indicate a continuing course of conduct that lasted for nearly two years during which Ms. Witt was injured, ignored, and allowed to physically decline. There is no indication that any person at Sage View intentionally injured Ms. Witt, but the on-going course of conduct plausibly indicates that the Defendants acted or failed to act in reckless disregard of the consequences that their acts or failures to act would, to a high degree of probability, result in harm to Ms. Witt. Based on the Complaint, it is difficult to believe that Ms. Witt's caregivers did not recognize that at least some of their actions (such as not hiring a Registered Dietician) and failures to act (not properly repositioning Ms. Witt or monitoring her pain levels) were resulting in harm to Ms. Witt. Thus, the allegations in the Complaint cross the threshold of making a plausible claim for punitive damages.

Next, the Court will examine Defendants' motion as to punitive damages for Plaintiff's Respondeat Superior cause of action. Defendants argue that Plaintiff is not entitled to punitive

damages under the theory of respondeat superior because she has not alleged any facts in support of this claim. Plaintiff argues that she has pled sufficient facts to support her claim. The parties do agree that the standard for imposition of punitive damages on a principal based on the actions of an agent is set forth in the Restatement (Second) of Torts § 909. *See Farmers Insurance Exchange v. Shirley*, 958 P.2d 1040, 1052 (Wyo. 1998). The applicable standard is thus:

> Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if,
>
> (a) the principal or a managerial agent authorized the doing and the manner of the act, or
>
> (b) the agent was unfit and the principal or a managerial agent was reckless in employing or retaining him, or
>
> (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or
>
> (d) the principal or a managerial agent of the principal ratified or approved the act.

*Id.*

In the instant case, Plaintiff has alleged that various Defendants "controlled the operation, planning, management, and quality control of" Sage View nursing home. First Amended Complaint at ¶¶ 18, 19. The Defendants' alleged control of the facility and the ongoing nature of Defendants' alleged misconduct, both of which the Court must accept as true, gives rise to the inference that Defendants either authorized the doing and manner of their agents' actions or the they approved of the acts. Accordingly, Defendants' Motion for Judgment on the Pleadings to dismiss Plaintiff's Punitive Damages Claim is DENIED.

## CONCLUSION

The Defendants submitted to the Court two motions for judgment on the pleadings: one to dismiss Plaintiff's negligence per se cause of action and the second to dismiss Plaintiff's punitive damages claims. Because the Court finds that the purpose of the regulations at issue was to protect nursing home residents such as Ms. Witt from the kinds of injuries which she suffered, the Court concludes that it may adopt those regulations as the Defendants' standard of care. The Court therefore DENIES Defendants Motion for Judgment on the Pleadings to Dismiss Plaintiff's Negligence Per Se Cause of Action [ECF No. 104]. The Court finds that the allegations in the First Amended Complaint cross the threshold of making plausible punitive damages claim both directly and via respondeat superior. Therefore, the Court DENIES Defendants Motion for Judgment on the Pleadings to Dismiss Plaintiff's Request for Punitive Damages [ECF No. 106].

Dated this 31st day of October, 2013.

Alan B. Johnson
United States District Judge